Valerie Del Grosso, Esq.
NV Bar No. 11103
Del Grosso Law, Ltd.
2620 Regatta Drive #102
Las Vegas, NV 89128
702-900-1470
Valerie@DelGrossoLaw.com
Attorney for Mona Ng

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re Kevida Turner,<br><br>        Debtor. | Case No.: 15-16646-ABL<br>Chapter 7<br><br>**MOTION TO DISMISS CHAPTER 7 BANKRUPTCY PURSUANT TO 11 USC 707(A)** |

    **COMES NOW** Mona Ng, landlord to Debtor, and respectfully requests an Order of this Court dismissing the above-captioned bankruptcy case. In support of this Motion, Movant states as follows:

**JURISDICTION AND VENUE**

    This Court has jurisdiction over this contested matter pursuant to 28 USC §1334 and §157(a). This contested matter is a core proceeding properly heard by this Court pursuant to 28 USC §157(b)(2). Venue is proper in the District of Nevada pursuant to 28 USC §1409(a).

**BASIS FOR RELIEF**

The Bankruptcy Petition should be dismissed with cause pursuant to 11 USC §707(a) because the Petition was not filed in good faith.

Section 707(a) provides that "[t]he Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including" unreasonable delay by the debtor that is prejudicial to her creditors, nonpayment of filing fees, and failure to file required schedules and statements. Because the word "including" is not exclusive (11 USC §102(3)), courts have recognized that cases may be dismissed for cause on grounds other than those specifically enumerated in Section 707(a). *See e.g., McDow v. Smith*, 295 BR 69, 75 (ED Va. 2003).

Although Section 707(a) does not define "cause," courts around the country have recognized that a debtor's bad faith or omissions that "constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code" meet the definition. *Id.* at 74-75. There is an "implicit prerequisite" of good faith that protects the "jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons … available only to those debtors and creditors with 'clean hands.'" *Carolin Corp. v. Miller*, 886 F.2d 693, 698 (4th Cir. 1989).

Courts employ a "totality of the circumstances" test to determine whether a filing has been made in bad faith, and these factors include:

(a)   The debtor's concealment or misrepresentation of assets and/or sources of income, such as the improper or unexplained transfer of assets prior to filing;

(b)   The debtor's lack of candor and completeness in his statements and schedules, such as inflation of his expenses to disguise his financial well-being;

(c)   The debtor has sufficient resources to repay his debts, and leads a lavish lifestyle, continuing to have excessive and continued expenditures;

**(d)   The debtor's motivation in filing is to avoid a single large debt incurred through conduct akin to fraud, misconduct, or gross negligence, such as a judgment in pending litigation, or a collection action;**

**(e)   The debtor's petition is part of a 'deliberate and persistent pattern' of evading a single creditor;**

**(f)   The debtor is 'overutilizing the protection of the Code' to the detriment of his creditors;**

(g)   The debtor reduced his creditors to a single creditor prior to filing the petition;

**(h)   The debtor's lack of attempt to repay creditors;**

(i)     The debtor's payment of debts to insider creditors;

**(j)     The debtor's 'procedural gymnastics' that have the effect of frustrating creditors;**

**(k)     The unfairness of the debtor's use of the bankruptcy process."**

*McDow*, 295 BR at 80 n.22 (emphasis added). Although only one of these factors is not sufficient, courts have held that dismissal is warranted in the presence of a combination of these factors. *See In Re McCarthy*, 312 BR 413 (Bankr.Nev. 2004)("many of the indicia of a bad faith filing..") ; .

As discussed below, this Bankruptcy Case presents at least six of the eleven factors that courts consider when determining whether a Chapter 7 petition should be dismissed as a bad faith filing pursuant to Section 707(a) of the Bankruptcy Code. Consequently, the totality of the circumstances demonstrates that the Debtor lacked good faith in filing the Petition, and therefore, the Bankruptcy Case should be dismissed for cause pursuant to Section 707(a).

**FACTS DEMONSTRATING BAD FAITH**

Movant is Debtor's landlord at 10503 Miner's Gulch, the debtor's address on the Petition. Due to her failure to pay rent in October, 2015, the Landlord moved for Summary Eviction. A

copy of the Justice Court's docket is attached as Exhibit "A" to substantiate these facts. Debtor answered on October 28, 2015, in Las Vegas Justice Court case 15E024688. *Id.* At the Justice Court's hearing on November 9, 2015, the Landlord's representative was present. Debtor did not appear. These facts are reflected in Exhibit "B." An Order for Summary Eviction was granted. Exhibit "A."

Thereafter on November 13, 2015, Debtor asked to stay the eviction, and this request was denied. *Id.* On November 17, 2015, Debtor appealed to the District Court in case A-15-727949-A. Exhibit "B" contains the District Court's findings. Judge Ronald Israel denied the appeal, citing Debtor's failure to appear on November 9, 2015, and noting that the Debtor had no valid defenses to the rent obligation. *Id.* As such, the eviction was proper. *Id.*

The case was remanded from District Court to Justice Court on November 25, 2015, and the disposition sent to the Constable for eviction. Exhibit "A." This Bankruptcy Case was filed on November 30, 2015.

The foregoing order of events demonstrates that the Debtor has filed bankruptcy to avoid and frustrate a completed eviction proceeding, one in which all appeals have been exhausted and for

which the Order of Eviction has been transmitted to the Constable for completion.

In particular, the Debtor used state court procedural methods (such as moving to stay and appealing the disposition) to delay the proceedings without an intent to cure or vacate. This is demonstrated by the Debtor's preparation and filing of motions but failure to attend duly noticed court hearings regarding those filings.

These actions are characteristic of this case, in which the Debtor filed the minimum documents necessary to stay the eviction using the automatic stay, but waited to do so until the very last moment before the constable executed on the Eviction Order. In a similar cases- where a bankruptcy petition was filed to frustrate an ongoing eviction or to avoid a possible eviction- Bankruptcy Courts have found the petition made in bad faith. *Norwest Mortgage Inc. v. Waters*, 60 BR 339 (Bkrtcy. ED Wis. 1986); *National Home Equity Corp. v. Villareal*, 46 BR 284 (Bkrtcy. CD Cal 1984).

Moreover, Debtor failed to file a certification simultaneously with her Petition verifying that non-bankruptcy laws allow for a cure of the monetary default and that the Debtor has deposited with the clerk of the Court any rent that would become due within 30 days of the filing date. 11 USC

§362(1)(1)(a)-(b). Thus, Debtor has not availed herself of an exception to the automatic stay pertaining to eviction proceedings (11 USC §362(b)(22)) which allows 30 days to cure defaults. 11 USC §362(1)(1) – (2). Therefore, Debtor has effectively indicated her intention not to cure prior defaults or to make payments under the rental agreement going forward. This Motion is not requesting relief from the stay, which Landlord will make under separate motion after meeting the Section 362 pre-filing requirements.

    The foregoing demonstrates that the Petition was timed to avoid the Debtor's obligation to her Landlord; furthermore, the Petition is as part of a deliberate and ongoing pattern of evading this rental obligation using "procedural gymnastics" (numerous court filings without appearances) to avoid a valid eviction.

    Debtor's continued occupancy in the property without paying rent and without depositing future amounts with the court clerk or any other indication that she intends to cure existing defaults and make payments going forward, show that she is availing herself of the benefits of the Code, but not adhering to its requirements. In doing so, Debtor is overutilizing the Code's equitable protections to the detriment of creditors and

unfairly using the bankruptcy process to evade eviction and continue living rent-free.

  Combined, these facts demonstrate that the Petition was filed in bad faith and should be dismissed on that basis. Creditor Mona Ng respectfully requests an Order of this Court to this effect.

            Dated this 10th day of December, 2015.

            /s/ Valerie Del Grosso, Esq.
            Valerie Del Grosso, Esq.
            Del Grosso Law, Ltd.