Valerie Del Grosso, Esq.
NV Bar No. 11103
Del Grosso Law, Ltd.
2620 Regatta Drive #102
Las Vegas, NV 89128
702-900-1470
Valerie@DelGrossoLaw.com
Attorney for Mona Ng

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re Kevida Turner,<br><br>　　　　Debtor. | ) Case No.: 15-16646-ABL<br>) Chapter 7<br>)<br>) Hearing date: January 20, 2016<br>) Hearing time: 10:30 a.m.<br>)<br>) **MOTION FOR RELIEF FROM**<br>) **AUTOMATIC STAY**<br>) |

　　**COMES NOW** Mona Ng, landlord to Debtor, and respectfully requests an Order of this Court pursuant to 11 USC 362 relieving the landlord from the automatic stay to enforce an existing Summary Eviction Order in favor of Movant against Debtor, for the property located at 10503 Miner's Gulch. In support of this Motion, Movant states as follows:

**LEGAL BASIS FOR RELIEF**

　　On request of a party in interest and after notice and a
　　hearing, the court shall grant relief from the stay…
　　**(1)** for cause, including the lack of adequate protection of
　　an interest in property of such party in interest;

MOTION FOR RELIEF FROM AUTOMATIC STAY - 1

      **(2)** with respect to a stay of an act against property under subsection (a) of this section, if—
      **(A)** the debtor does not have an equity in such property; and
      **(B)** such property is not necessary to an effective reorganization.

11 USC 362(d).

    **A.  Debtor has not provided adequate protection for the property or taken steps to preserve the tenancy.**

    Debtor's residence at 10503 Miner's Gulch, Las Vegas, NV, is a rental property owned by Mona Ng and managed by Ameropan Realty. Debtor occupies the residence under a month to month tenancy which costs $1,460 per month.

    Debtor has not paid rent since September, 2015, and became delinquent in October, 2015. As a result, Ameropan Realty on behalf of the landlord, Mona Ng, moved for summary eviction. A copy of the Las Vegas Justice Court docket is attached to Movant's Motion to Dismiss, on file herein as Docket 16.

    Debtor opposed the eviction but failed to appear in court on the scheduled date. The eviction order was entered and Debtor appealed.

    Judge Ron Israel upheld the eviction, finding no valid defenses exist to payment of rent and for Debtor's failure to appear in Justice Court below. A copy of Judge Israel's Order is attached to Movant's Motion to Dismiss, on file herein as Docket 16.

Thereafter, the eviction order was transmitted to the Constable for execution. A few days later, Debtor petitioned this Court for relief. *Id.*

This Movant moved to dismiss this case, and the Motion to Dismiss is pending concurrently. Although Movant believes that the Summary Eviction Order is exempt from the stay pursuant to 11 USC 362(b)(2), this Motion is made both out of caution and because the Constable will not proceed without an Order of this Court.

Debtor has failed to make arrangements to become current on her tenancy, to deposit rent with the Court, or otherwise indicate that she intends to become current. This is reflected in the 362 information sheet, which evidences that efforts were made to resolve this matter prior to the filing of this Motion.

In failing to make current or past rental payments, the landlord is without adequate protection for the property. *See, e.g., In re DeSantis*, 66 B.R. 998 (E.D. Pa. 1986). Movant submits that appropriate adequate protection would consist of timely monthly payments in the amount of $1,460. On this basis alone, relief from stay is warranted.

**B.    Debtor has no equity in the property and it is not necessary for an effective reorganization.**

Debtor is not the owner of the property at issue. *Assessor Records*, attached hereto as Exhibit "A." Movant respectfully requests that the Court take notice of the Clark County Assessor records which show current ownership of the property.

Debtor's schedules and statements, on file herein as Docket 20, indicate both that she does not own the property at issue in this motion, and that she has no available income to make ongoing payments.

Furthermore, because this is a Chapter 7 case, there is no reorganization forecasted or expected. Together, the lack of equity and the impossibility of reorganization entitle Movant to relief from stay with respect to the rental property at issue.

**C.    Conclusion**

Creditor Mona Ng respectfully requests an Order of this Court terminating the automatic stay pursuant to 11 USC 362, to allow Movant to enforce its rights in the property, including to proceed with the Summary Eviction; and that the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived to allow Movant to proceed immediately, as state law otherwise allows pursuant to the Eviction Order.

1 In the alternative, should the Court decline to grant this Motion, Movant requests and Order for adequate protection which requires Debtor reinstate and maintain in current condition all obligations due under her month-to-month tenancy.

In any event, Movant requests that Court waive the requirements of Local Rule 9021, and to order such further relief as the Court deems just and proper.

Dated this 16th day of December, 2015.

/s/ Valerie Del Grosso, Esq.
Valerie Del Grosso, Esq.
Del Grosso Law, Ltd.